**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

SEAN A. FLOWERS,

Plaintiff,

v.

DEREK DURANTE, BRIAN VINCENT, ERIC BARBER, SCOTT ROSS, JERRY DODD, DAISY CHASE, BENJAMIN CASTNER, TYLER RODENSAL, JOHN KIND, JOLI GRENIER, CO JOHNSON, and CRAIG ECKSTEIN,

Defendants.

Case No. 26-CV-1203-JPS

**ORDER**

Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint, along with a motion to proceed without prepayment of the filing fee. ECF Nos. 1, 3. On August 4, 2026, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $1.52 on or before September 3, 2026. ECF No. 9. Currently pending before the Court are Plaintiff's motion for an extension of time, motion to use release account to pay IPFF, motions to amend the complaint, and motion to appoint counsel. ECF Nos. 4, 10, 11, 12, 13, 15,

First, the Court will grant Plaintiff's motions for an extension of time and motion to use his release account funds to pay the IPFF. This Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See, e.g.*, *Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to

pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

While the Court will not permit Plaintiff to access his release account for the entirety of his filing fee, or other litigation costs, it will grant Plaintiff permission to use funds from that account solely for the purpose of paying the IPFF. Plaintiff must pay the $1.52 IPFF on or before **December 14, 2026**; the failure to do so may result in the dismissal of this case, without prejudice, for Plaintiff's failure to prosecute.

Second, the Court will grant Plaintiff's motions to amend the complaint. A party may amend its pleading once as a matter of course either

within twenty-one days of serving it or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The Court has not yet screened Plaintiff's complaint so it will grant his motions to amend the complaint. Plaintiff may file an amended complaint on or before **December 14, 2026.** Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Finally, the Court will deny Plaintiff's motion to appoint counsel without prejudice. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

As discussed above, Plaintiff has not paid the IPFF yet and he wishes to amend his complaint. It is therefore not clear at the juncture whether Plaintiff will be able to state a claim to proceed. The Court believes Plaintiff has the capacity to file an amended complaint based on his filings thus far. Plaintiff has not demonstrated that his case is exceptional to require counsel at this time. The Court will therefore deny Plaintiff's motion, without prejudice, and if the case proceeds past screening, the Court will reconsider any renewed motion for counsel at a later time.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for an extension of time and motions to pay the IPFF from his release account, ECF Nos. 10, 11, 12, 13, 15, be and the same are hereby **GRANTED**; Plaintiff may use his release account funds only to pay the $1.52 IPFF in this case;

**IT IS FURTHER ORDERED** that Plaintiff must pay the $1.52 IPFF on or before **December 14, 2026**; the failure to do so may result in the dismissal of this case, without prejudice, for Plaintiff's failure to prosecute;

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend the complaint, ECF Nos. 11, 12, 13, 15, be and the same are hereby **GRANTED**; Plaintiff may file an amended complaint on or before **December 14, 2026**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 4, be and the same is hereby **DENIED without prejudice;** and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2026.

BY THE COURT:

______________________________

J. P. Stadtmueller
U.S. District Judge